**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DAVID ULERY, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, David Ulery, by and through undersigned Counsel, individually and on behalf of other similarly situated individuals, alleges, upon personal knowledge as to himself and upon information and belief as to others, as follows:

### I.    SUMMARY OF CLAIMS

1. This class action is brought against Defendant Amazon.com, Inc. ("Amazon") to challenge Amazon's policy and practice of offering full refunds on returned items, then systematically failing to return the full purchase price of those items, attributing the shortfall to a "glitch" in its computer system.

2. Yet, when informed of the shorted refund, Amazon makes no attempt to refund the remaining balance and moreover, makes no attempt to rectify the alleged glitch.

CLASS ACTION COMPLAINT - 1

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

3.  As set forth below, Amazon's refund scheme constitutes conversion, because Amazon has intentionally exercised dominion and control over Plaintiff's money. Further, Amazon has been unjustly enriched by retaining money that it is not entitled to retain.

4.  Amazon is currently one of the largest e-commerce companies operating in the technology industry. On an average day, Amazon customers place an estimated 11.95 million orders, equivalent to 497,884 product orders per hour or 8,298 orders per minute.[1] The average return rate on Amazon ranges between 5% to 15%, but the return rate for some categories, including consumer electronics and clothing, can get as high as 40%.[2]

5.  In 2021, the National Retail Federation estimates 16.6% of all merchandise sold during the holiday season was returned, up more than 56% from the year before. For online purchases, the average rate of return was even higher, at nearly 21%, up from 18% in 2020. With $469 billion of net sales revenue last year, Amazon's returns numbers are likely staggering.[3]

## II. PARTIES

6.  Plaintiff is a natural person residing in El Paso County, Colorado.

7.  Defendant Amazon is a Delaware corporation headquartered in King County and doing business throughout Washington and the United States.

## III. JURISDICTION AND VENUE

8.  This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because the matter in controversy exceeds the sum or value of $5,000,000,

---

[1] https://capitaloneshopping.com/research/amazon-orders-per-day/#:~:text=Highlights.,equivalent%20to%20%248%2C114%20per%20second.

[2] https://www.awesomedynamic.com/blog/amazon-return-rate/#:~:text=Check%20the%20Average%20Amazon%20Return,and%20appeal%20of%20these%20items. (last visited: Dec. 4, 2024); https://www.intentwise.com/blog/amazon-ui-feature/how-brands-should-prepare-for-amazons-frequently-returned-label/#:~:text=Why%20now?,probably%20time%20to%20get%20cautious. (last visited: Dec. 4, 2024); https://www.envisionhorizons.com/blog/using-amazon-return-data-to-your-advantage-and-reducing-return-rates#:~:text=Returns.,get%20as%20high%20as%2040%25 (last visited: Dec. 4, 2024).

[3] https://www.cnbc.com/2022/04/10/how-amazon-plans-to-fix-its-massive-returns-problem.html

CLASS ACTION COMPLAINT - 2

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

1  exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant.

9. This Court has personal jurisdiction over Amazon because the firm is headquartered and does business in this District, and because some of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.[4]

### IV. FACTUAL ALLEGATIONS

11. Amazon is among the world's largest e-commerce and technology companies.

12. Originally founded as an online book seller, today, Amazon sells everything from books to groceries to shipping container houses.

13. On or about September 9, 2024, Plaintiff purchased and subsequently received a pair of shoes via Amazon Prime by using his Amazon Prime account to which he is a subscriber.

14. Upon receipt, Plaintiff discovered the shoes did not fit properly, so he initiated a refund in accordance with Amazon's return policy. Under that policy for purchases completed through Amazon Prime, Plaintiff was to receive a full refund of the purchase price of the shoes.

15. Plaintiff followed the procedure in accordance with Amazon's return policy, returned the shoes, and subsequently received a refund.

---

[4] This forum is also agreed by Amazon and its customers as indicated in Amazon Prime Terms & Conditions ("Any dispute or claim relating in any way to these Terms or your use of Prime will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts. We each waive any right to a jury trial.").
 https://www.amazon.com/gp/help/customer/display.html?nodeId=G2B9L3YR7LR8J4XP (last visited: Dec. 4, 2024); *see also Li v. Amazon.com Servs. LLC*, No. 23-CV-00441-AMO, 2023 WL 8720669, at *1 (N.D. Cal. Dec. 18, 2023) ("Since May 3, 2021, the conditions of use governing Plaintiffs' Amazon purchases have included a forum selection clause and a choice of law clause")

CLASS ACTION COMPLAINT - 3

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215



16. As shown in the image above, on his Amazon account, Plaintiff could see that the return was complete, and the refund had been issued.

17. When Plaintiff received his refund, he noticed that Amazon retained without explanation approximately 1% of the purchase price.

18. On or about September 24, 2024, Plaintiff purchased and subsequently received a toilet valve gasket from Amazon by using his Amazon Prime account.

19. Upon receipt, Plaintiff discovered the gasket was not a direct replacement and did not fit correctly, so he initiated a refund in accordance with Amazon's return policy. Under that policy, Plaintiff was to receive a full refund of the purchase price of the toilet valve gasket.

20. Plaintiff followed the procedure in accordance with Amazon's policy, and subsequently received a refund.



21. As shown in the image above, on his Amazon account, Plaintiff could see that the return was complete, and the refund had been issued.

22. When Plaintiff received his refund, he noticed that Amazon retained without explanation approximately 12% of the purchase price.

23. These two refund shortages prompted Plaintiff to contact Amazon via online chat. After navigating through Amazon's IVR system, Plaintiff was ultimately connected to a live person who identified herself as Kiruthika.

24. After explaining the problem to Kiruthika, she replied, in part "*I see that you've not received the complete refund due to an error, no worries in this case I go ahead and escalate this to our internal payment team they will get help you with the full refund with in (sic) 24 hours.*"

25. Kiruthika further specified that "*due to technical error you've not received the full refund.*"

26. Subsequently, Kiruthika went on to state, "*I've successfully escalated this to our internal payment team they will get back you with the full refund within 24 hours.*"

27. When asked if this "technical error" would happen again in the future, Kiruthika replied "*No, it will not happen again.*"

28. As of the date of the filing of this Complaint, Plaintiff has still not received his full refunds.

29. Based on Plaintiff's own investigation, the Internet is rife with consumers complaining about the very same occurrence; Amazon's practice of failing to remit full refunds.[5]

30. Despite Plaintiff voicing his concerns directly to Amazon, it is clear that Amazon has failed to remedy its "technical error."

31. As confirmed by Amazon's agent, Plaintiff was entitled to receive a full refund to its original payment method.

32. Plaintiff's purchase of the gasket was directly from Amazon, and the shoes were purchased from a third party seller via Amazon Prime. In either instance, these purchases are subject to Amazon's return policy.

33. To date, Amazon has failed to take any corrective action with respect to Plaintiff's missing refund.

---

[5] *See, e.g.*,
https://www.reddit.com/r/amazonprime/comments/s338jx/amazon_didnt_give_me_a_full_refund_and_their/ (last visited: Dec. 4, 2024);
https://www.reddit.com/r/amazonprime/comments/185cvgb/amazon_lying_to_customers_about_refunds/?rdt=35673 (last visited: Dec. 4, 2024);
https://www.reddit.com/r/amazonprime/comments/1akr230/contact_your_state_attorney_general_over_delayed/ (last visited: Dec. 4, 2024).

CLASS ACTION COMPLAINT - 6

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

34.  Due to Amazon's policy of small amounts of refunds which were supposed to be refunded in full, Amazon has unjustly enriched itself in an amount believed to be far in excess of $5,000,000.00.

## V.  CLASS ACTION ALLEGATIONS

35.  Plaintiff brings his claims on behalf of a putative class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff seeks to represent a class of all persons who, within the time frame relevant to this complaint, returned items subject to Amazon's return policy, were entitled to full refunds pursuant to that policy, but only received partial refunds.

36.  All requirements for class certification are met by the proposed Class.

37.  Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

38.  Although Plaintiff does not know the precise number Class Members, given the size of Defendant's business and the estimated returns rate, the number is far greater than can be feasibly addressed through joinder.

39.  There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members. Common questions include, among others: (i) whether Amazon routinely fails to issue full refunds for returned items to its customers; (ii) whether Amazon's customers were entitled to full refunds pursuant to Amazon's policies; (iii) whether Amazon unlawfully retained to its benefits the refund monies that it failed to remit to its customers; and (iv) whether equitable remedies for the Class are warranted.

40.  Plaintiff's claims are typical of the claims of the Class he seeks to represent.

41.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions.

42.  Class certification is appropriate because Amazon has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief

CLASS ACTION COMPLAINT - 7

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

with respect to Plaintiff and the Class he seeks to represent. The Class Members are entitled to injunctive relief to end Amazon's common, uniform, and unfair policies and procedures.

43. Class certification is also appropriate because common questions of fact and law predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class Members have been damaged and are entitled to recovery as a result of Amazon's common, uniform, and unfair policies and practices. Amazon has computerized account data that will make calculation of damages for specific Class Members relatively simple.

**FIRST CAUSE OF ACTION**
**(CONVERSION)**

44. The allegations set forth in Paragraphs 1 through 43 are realleged and incorporated herein by reference.

45. Conversion involves three elements: (1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession. Wrongful intent is not an element of conversion, and good faith is not a defense. *Burton v. City of Spokane*, 482 P.3d 968, 970 (2021) (citations and quotations omitted).

46. The money at issue in this case is chattel, as Amazon was under obligation to return the specific money to the party claiming it. *Davenport v. Washington Educ. Ass'n*, 197 P.3d 686, 695 (2008).

47. Plaintiff purchased goods from Amazon that were in some respect unsatisfactory, so Plaintiff returned the goods to Amazon.

48. At the time Plaintiff returned the goods, they were unused and fully refundable under Amazon's return policies.

49. Instead of providing Plaintiff with a full refund, Amazon, without the right to do so, retained a portion of the refund, depriving Plaintiff possession of the full refund.

CLASS ACTION COMPLAINT - 8

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

**SECOND CAUSE OF ACTION**
**(UNJUST ENRICHMENT)**

50. The allegations set forth in Paragraphs 1 through 43 are realleged and incorporated herein by reference.

51. A person has been unjustly enriched when he has profited or enriched himself at another's expense, contrary to equity. *Cox v. O'Brien*, 150 Wash. App. 24, 37, 206 P.3d 682, 688 (2009)

52. Here, Amazon has unjustly received a benefit from Plaintiff in the form of partially withheld refunds. Amazon's return policy guaranteed Plaintiff a full refund, and Amazon's customer service representative confirmed that Plaintiff was entitled to a full refund.

53. Regardless, Amazon has retained the partial refund balance thereby unjustly enriching itself at Plaintiff's expense.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant and relief as follows:

A. Certification of the case as a class action on behalf of the proposed class, designation of Plaintiff as representative of the Class, and designation of Plaintiff's counsel of record as Class Counsel;

B. An Order directing the Defendant to return all money wrongfully withheld from Class Member refunds;

C. Punitive damages;

D. Service payment to the representative of the Class;

E. Reasonable attorneys' fees and costs; and

F. Any and all such other relief as the Court deems just and proper.

Dated this 9th day of December, 2024.

Respectfully Submitted,

*s/ Kira M. Rubel*
Kira M. Rubel, WSBA #51691
THE HARBOR LAW GROUP
8811 N. Harborview Dr. Ste. B
Gig Harbor, WA 98332
Telephone: (253) 358-2215
*kira@theharborlawgroup.com*

Scott D. Owens, Esq. (FL Bar #597651)   (*pro hac vice forthcoming*)
Scott D. Owens, P.A.
2750 N. 29th Ave., Ste. 209A
Hollywood, FL 33020
Telephone: (954) 589-0588
*Scott@ScottDOwens.com*

*Counsel for Plaintiff and the proposed class*